# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-20002
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIO ALBERTO CORDOVA-ZAMORA,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-384-1

―――――――――――――――――――――――

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Mario Alberto Cordova-Zamora contests the above-Guidelines 96-months' sentence imposed following his conviction for illegal reentry by a previously deported alien after a felony conviction, in violation of 8 U.S.C. § 1326(a) (prohibiting reentry), (b)(1) (outlining penalty). He maintains the upward variance from the recommended Guidelines sentencing range of 51

―――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

to 63 months is substantively unreasonable because the district court failed to account for factors that should have received significant weight and clearly erred in balancing the sentencing factors. Specifically, he contends the court did not recognize the significance of Cordova's being violently attacked in August 2022.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An upward variance is unreasonable if the court "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (citation omitted). Along that line, "[a]ppellate review for substantive reasonableness is 'highly deferential,' because the sentencing court is in a better position to find facts and judge their import under the [18 U.S.C.] § 3553(a) [sentencing] factors with respect to a particular defendant". *Id.* at 339 (citation omitted). In short, the district court "is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly". *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (citation omitted).

No. 24-20002

The district court heard and reviewed Cordova's mitigating assertions, including those related to the August 2022 attack. The court, however, concluded an upward variance was appropriate because of Cordova's lengthy criminal history, particularly his extensive history of entering the United States after his initial removal. Accordingly, he fails to show the requisite abuse of discretion. *See Fraga*, 704 F.3d at 339–40; *Lopez-Velasquez*, 526 F.3d at 807–08.

AFFIRMED.